UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. 09-CR-00320 |
| | * |
| | * |
| VERSUS | * |
| | * JUDGE DOHERTY |
| | * |
| DAMIEN EDWARD JAMES VICTOR, (03) | * |
| alias "Gus" | * MAGISTRATE JUDGE HILL |

**RULING ON MOTION TO RECONSIDER**

The defendant, **DAMIEN EDWARD JAMES VICTOR**, has filed a motion for reconsideration of his pretrial detention. [Record Doc. 280]. The government opposes the motion. [Record Doc. 281]. For those reasons set out below, the motion is **denied**.

The defendant is charged with conspiring to distribute in excess of 50 grams of cocaine base (crack), using a communication facility in causing or facilitating a drug trafficking crime, and three counts of possession with intent to distribute cocaine and cocaine base (crack). [Record Doc. 3].

The defendant initially appeared on the indictment on December 15, 2009. The government moved for detention, and the detention hearing was held December 17, 2009. [Record Doc. 56 and 151]. The undersigned, finding that no condition or combination of conditions would reasonably protect the community and assure the defendant's presence at trial, ordered the defendant detained pending trial. In that Order, the undersigned noted that the defendant had a significant prior criminal history including arrests/convictions for murder, attempted kidnaping, and multiple drug offenses. Accordingly, the undersigned

held that the defendant had failed to rebut the presumption in favor of detention provided in the bail Reform Act. [Record Doc. 156] .

The defendant argues that no trial date has yet been set, that trial is not expected to commence until sometime in 2011, and that, accordingly, the defendant's detention from December 15, 2009 until sometime in 2011 violates the defendant's due process rights. The defendant relies on the Court's decision in *United States v. Hare,* 873 F.2d 796 (5th Cir. 1989).

The government opposes the motion for reconsideration, noting that trial has, in fact, been set for January 31, 2011. Accordingly, the government argues that the pretrial detention of the defendant would only last slightly over 13 months, and that pretrial detention of that length of time does not violate the Due Process Clause. The government further notes that there has been no change in circumstance, and that no new evidence relating to the issues tried in the detention hearing has been asserted.

> In *Hare* the Fifth Circuit said,
>
> In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

873 F.2d at 801.

Considering the factors set out by the Fifth Circuit in *Hare*, the court finds that the defendant's due process rights are not violated by the length of pretrial detention in this case. First, the length of pretrial detention is non-speculative. The trial date was selected after conferring with all counsel with due concern that the defendants have sufficient time to prepare for pretrial motion practice and for trial, given the number of defendants and the amount of discovery provided by the government.

The delay in this case has not been as a result of trial strategy by the government. Rather, the delay was caused by the complexity of the case, the number of defendants and the competing interests of all counsel, including counsel for the defendant. The government has not, in this case, unreasonably extended the period of pretrial detention. The Government has neither sought, nor gained, trial advantage by the length of pre-trial detention.

Nevertheless, it is true that by the time trial commences, the defendant will have been in pretrial detention for over 13 months.

As the Fifth Circuit recognized in *Hare*, and as the Supreme Court recognized in *United States v. Salerno*, 107 S.Ct. 2095 (1987), the due process analysis must be made on a case-by-case basis. Nevertheless, guidance can be gained from other cases in which the due process analysis has been completed. *See United States v. Ojeda Rios*, 846 F.2d 167,169 (2d Cir. 1988) (32 months of pretrial incarceration violated the *due process clause); United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) (30 to 31 months pretrial

incarceration did not violate the due process clause); *United States v. El-Gabrowney*, 35 F.3d 63, 65 (2d Cir. 1986) (27 months pretrial detention did not violate the due process clause).

The defendant has not cited, and the undersigned has been unable to locate, any case holding that pretrial detention of 13 months, in the absence of governmental misconduct, requires release of the defendant when detention is otherwise proper.

Magistrate Judge Methvin, formerly of this court, recognized that the length of detention alone is not dispositive, and it carries no fixed weight in the due process analysis. *United States v. Flores*, 2007 WL 4553965, *2 (W.D. La, 2007) *citing*, *United States v. Zannino*, 798 F.2d 544, 548-49 (1st Cir. 1986). The undersigned agrees with Judge Methvin's analysis.

Accordingly, the motion for reconsideration is denied.

July 30, 2010, Lafayette, Louisiana.

C. Michael Hill
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE